**Corrected**

# In the United States Court of Federal Claims

No. 21-1874
Filed: October 22, 2021

| | |
|---|---|
| **MARK W. NATION, et al.,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>*Defendant*. | |

### ORDER OF DISMISSAL

Plaintiffs, incarcerated at the William P. Clements Unit, a state prison in Amarillo, Texas, correctly assert that laws are intended to assist the deceived rather than those who deceive. (Compl. Ex. B at 39, ECF 1-2). That self-acknowledged proposition, one of the few contentions within Plaintiffs' filings with which the Court agrees given the context in which they were offered, dooms this action. Because the claim is fraudulently premised, Plaintiffs' claims are frivolous, fail to state a claim for relief, and must be dismissed pursuant to 28 U.S.C. 1915.

Twelve Plaintiffs bring this pro se action against the United States acting through the state of Texas. (Compl. at 1, 3, ECF No. 1). They bring this action seeking to enforce a supposed arbitration award that was allegedly entered on August 19, 2019 and joined by Plaintiffs in August 2020. (Compl. at 4; Compl. Ex. F at 122–145). Pursuant to that invalid arbitration award, they assert entitlement to wide-ranging relief. Among other things, Plaintiffs seek (1) immediate release from incarceration; (2) the voiding of all pending and adjudicated cases regarding Plaintiffs; (3) indemnification; (4) immunity; (5) documentation of indemnification and immunity; (6) return of all property seized, or payment of its market value; (7) the expunging and destruction of all records regarding Plaintiffs; (8) immediate issuance of a land patent; (9) return of all accounts; and (10) payment of monetary damages. (Compl. at 7–9).

A pro se plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court must dismiss a claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324–25; *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). Courts may "dismiss claims describing fantastic or delusional scenarios, claims with which federal judges are all too familiar." *Neitzke*, 490 U.S. at 328. The Court's leniency does not extend to jurisdictional issues. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). The Court lacks

jurisdiction to review criminal decisions, state court actions, or direct action by state agencies. *Lawton v. United States*, 621 F. App'x 671, 3 (Fed. Cir. 2015) ("The Court of Federal Claims lacks jurisdiction over states, state officials, and state agencies."); *Mercer v. United States*, 2016-1857, at *3 (Fed. Cir. Aug. 8, 2016) (the Court of Federal Claims "lacks jurisdiction to consider claims amounting to 'collateral attacks' on criminal convictions."); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (the Court of Federal Claims "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code[.]").

The arbitration "award" Plaintiffs rely on is from Sitcomm Arbitration Association. (Compl. Ex. D at 102). This "award" represents one of what has been described as an "influx of fake arbitration awards" over the last few years. *Castro v. Bank of New York Mellon*, 2020 WL 2542864 (W.D.N.C. May 19, 2020). This particular award, which is attached to the Complaint, purports to be the resolution of a matter between Phillip Hudok and former President Donald Trump, Chief Justice John Roberts, Senator Charles Grassley, Speaker of the House Nancy Pelosi, former Attorney General William Barr, and other United States officials. (Compl. Ex. D at 81–101). This arbitration award is entirely unrelated to the named Plaintiffs, except that the award purportedly permits any natural-born person to "opt-in" to the terms of award, receiving the relief granted therein. (*Id.*). Plaintiffs claim they have opted into this award and have provided the Defendants with notice of their new opt-in status. (Compl. Ex. F at 115).

Sitcomm's "award" is freely available for download on the internet, discoverable by a simple Google search, and includes instructions for how to opt into the award's remedies.[1] This case is not the first time a convicted criminal has sought to enforce a Sitcomm Arbitration Association "award" in federal court. The federal district courts are uniformly skeptical about the validity of the Sitcomm Arbitration Association and its decisions. *See, e.g.*, *Meekins v. Lakeview Loan Servicing, LLC*, No. 19-CV-501, 2019 WL 7340300, at *3 (E.D. Va. Dec. 30, 2019) ("The Court expresses great skepticism about the validity of [the Sitcomm Arbitration Association] as

---

[1] The language of the award and surrounding documents reflects hallmarks of the sovereign citizen movement. For example, Plaintiffs' utilization of their fingerprints in blue ink in or near their signatures, and the use of brackets surrounding zip codes, are recognized by the Federal Bureau of Investigation's Domestic Terrorism Operations unit as possible indicia of sovereign citizen activity. Federal Bureau of Investigation, Domestic Terrorism Operations Unit II, Sovereign Citizens: An Introduction for Law Enforcement, https://info.publicintelligence.net/FBI-SovereignCitizens.pdf (last accessed October 21, 2021). The sovereign citizen movement is known to "clog up the courts with indecipherable filings. Federal Bureau of Investigation, News Stories, Domestic Terrorism: The Sovereign Citizen Movement, https://perma.cc/6PDP-KYU6 (last accessed October 21, 2021). And interestingly, the Anti-Defamation League notes that the Sitcomm Arbitration Association, "is actually operated by a California sovereign citizen activist" which further suggests ties or similarities to the sovereign citizen movement. Anti-Defamation League, New Sovereign Citizen Bogus "Arbitration" Tactics Appearing in Many States, https://perma.cc/5Z2P-6JSA (last accessed October 21, 2021). Even if Plaintiffs actually profess to be sovereign citizens, they—like so many other sovereign citizens—have difficulty explaining the dichotomy of rejecting governmental authority while simultaneously accepting the authority of this and other Courts in an effort to legitimize their claims.

an arbitration entity. Indeed, courts around the country have expressed doubts regarding SAA's validity."); *Magee v. Nationstar Mortg., LLC*, No. 19-MC-017-H, 2020 WL 1188445, at *1 (N.D. Tex. Mar. 11, 2020) (explaining "[t]his is one of the many cases in recent months where a court has repudiated an arbitration award made by Sitcomm") (collecting cases); *Renaud v. Trump*, No. 20-CV-9248, 2021 WL 293570 (S.D.N.Y. Jan. 28, 2021) (finding Plaintiff's reliance on a Sitcomm Arbitration Association award was "irrational"); *Martinez v. Trump*, No. 20-CV-9651, 2021 WL 797645, at *1 (S.D.N.Y. Feb. 26, 2021) (rejecting an arbitration award from Sitcomm Arbitration Association as an invalid document); *Stephen-Philbert: RENAUD v. Trump*, No. 21-CV-1023, 2021 WL 2337655, at *5 (S.D.N.Y. June 7, 2021) (dismissing the Plaintiff's claim because it "rise[s] to the level of the irrational" and presents "no legal theory on which [plaintiff] can rely."); *Anderson v. United States*, No. 21-CV-1889, 2021 WL 2417157 (S.D. Tex. June 14, 2021) (finding that the Hudok Sitcomm Arbitration Award "bears no hallmarks of a legally binding . . . document.").

Similarly, this Court finds that the Sitcomm Arbitration Association's "award" is not a valid legal document. It is gibberish. The Plaintiffs who are frivolously seeking release from prison and financial compensation from United States taxpayers include those convicted of aggravated sexual assault of children, solicitation and other sex crimes against minors, aggravated robbery, and capital murder.[2] One court previously admonished Plaintiff Kevin LaFerney against filing frivolous lawsuits in federal court. *Laferney v. Par.*, No. 17-CV-0024, 2017 WL 3493143 (N.D. Tex. Aug. 15, 2017) ("Plaintiff is WARNED that any further submission of malicious and frivolous documents in this or in any other cause will lead to a bar against all new filings and possible imposition of monetary sanctions.").

In sum, the Court concludes that the Plaintiffs have joined forces in a fraudulent effort to escape the sentences following their convictions. Even considering the special consideration due to pro se plaintiffs, *Denton*, 504 U.S. at 33, the claims raised here are claim are fanciful, frivolous, and state no legal basis on which relief may be granted. Because the claims in this case are based on an "indisputably meritless legal theory," this action will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *Neitzke*, 490 U.S. at 324; *see also Stephen-Philbert*, 2021 WL 2337655, at *2–3 (dismissing similar claims as frivolous).

Prisoners, just as any other putative plaintiff, are not permitted to spend their days abusing judicial processes and harassing officials by filing frivolous and nonsensical claims. The in forma pauperis statute creates a "three-strike" rule, after which prisoners are stripped of their right to bring civil claims:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

---

[2] Information about each of these plaintiffs is publicly available on the Texas Department of Criminal Justice's website. Texas Department of Criminal Justice, https://inmate.tdcj.texas.gov/InmateSearch/start.action.

granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Each action dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted counts as a "strike" against the prisoner who filed it. *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015). The Court explicitly finds that the Plaintiffs' claims are frivolous. However, the Court intends to make abundantly clear that these frivolous claims count as a strike pursuant to 28 U.S.C. 1915(g). For at least one of the Plaintiffs—Kevin LaFerney—this is strike two. *See Laferney v. Par.*, 2017 WL 3493143.

Plaintiffs' claims are frivolous and do not state a claim that entitles them to relief. Based on the foregoing, the Court **ORDERS** as follows:

(1) Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** as frivolous. The Clerk is directed to enter judgment for the United States.

(2) The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g) for the following parties:

   *a.* Mark Wayne Nation,

   *b.* Richard Roderick MacDonald,

   *c.* Benjamin Wayne Burden,

   *d.* Frederick Riley Abbott,

   *e.* Michael Joe Horton,

   *f.* Corey Shane Norman,

   *g.* Rudolph Joseph Roethel,

   *h.* Kerby Terrence Embry,

   *i.* Kevin Othell LaFerney,

   *j.* Ray Von Burger, Jr.,

   *k.* Kenneth Deshawn Edwards, and

   *l.* Richard Lee Britten.

**IT IS SO ORDERED.**



*David A. Tapp*
DAVID A. TAPP, Judge